### MOLONEY v. BRENNAN.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

BROKERS (§ 86*)—SALE OF REAL ESTATE—ACTION FOR COMMISSIONS—EVIDENCE —SUFFICIENCY.

In an action for commissions on a sale of real estate, evidence *held* not to sustain a verdict for plaintiff as the procuring cause of the sale for the sum alleged in the complaint.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

Appeal from Richmond County Court.

Action by David Q. Moloney against Meta E. Brennan. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

William Allaire Shortt, for appellant.

Horace E. Parker, for respondent.

PER CURIAM. This is an action for broker's commissions. The verdict of the jury, upon which a judgment in favor of the plaintiff has been entered, is neither in accordance with the allegations of the complaint nor sustained by the evidence offered upon the trial.

Plaintiff alleged that prior to April, 1909, he was employed by the defendant to sell a piece of property belonging to her for the sum of $30,000, and that in the said month of April he obtained and procured a purchaser ready, able, and willing to purchase said property for the price named. There is no pretense that the plaintiff or any one else procured a purchaser for defendant's property at the sum named. On the contrary, it appeared that the property was sold for $23,000. As the complaint alleges a contract of employment to sell only at a specific price, and the performance of that contract, while the evidence wholly fails to establish it, the motion for a nonsuit should have been granted.

Beyond that, the evidence fails to establish that plaintiff's efforts were the procuring cause of the sale made by the defendant of her property. He testifies that in March, 1908, defendant told him that her property was for sale, and that in April of that year he communicated that fact to Emily McAndrew. That is all, according to his testimony, he ever did toward effecting a sale of the property. Mrs. McAndrew testifies that before the plaintiff told her of it she knew that defendant's property was in the market for sale, and that at that time she did not wish to purchase the property, but to rent it, and that she was informed that defendant's property was not for rent. Nothing further was done until February, 1909, when, according to the undisputed testimony in the case, the matter of purchase was taken up between her and the defendant through the agency of her brother, and finally a contract was entered into by which the defendant agreed to sell and Mrs. McAndrew agreed to purchase the property for the sum of $23,000. Even if the complaint were properly framed, the evidence wholly fails to establish by a fair preponderance thereof that the plaintiff had anything to do with bringing the minds of the seller and purchaser together.

The judgment and order of the County Court of Richmond county should be reversed, and a new trial ordered; costs to abide the event.